UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SARONIC INVESTMENTS, LLC,

Plaintiffs,

v.

THE NAVIGATORS GROUP, INC.,

Defendant.

Case No. 3:25-cv-00080-ART-CLB

ORDER ON MOTION TO DISMISS
(ECF No. 28)

Plaintiff Saronic Investments ("Saronic") sues its insurance provider, Defendant The Navigators Group ("Navigators"), for failing to indemnify it after a car accident damaged Saronic's property. Saronic sues for one count of breach of contract and one count of tortious breach of the implied covenant of good faith and fair dealing. (ECF No. 21.) Navigators moves to dismiss for failure to state a claim. (ECF No. 28.) The Court now denies the motion to dismiss.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from the Second Amended Complaint. (ECF No. 21.) At the motion to dismiss stage, the Court takes them as true. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

Saronic owns the Vagabond Inn on South Virginia Street in Reno. On May 4, 2021, 2021, a car collided with an electrical pole in front of the Vagabond, and knocked it into the Vagabond's illuminated sign, causing an electrical explosion, fire damage, and, after the fire was put out, water damage. Saronic had a Navigators insurance policy that offered $4.7 million in coverage for property damage and $1 million in lost income. On or about January 13, 2022, Navigators issued partial payments for almost $450,000 in property damage based on their contractor's estimate, and $50,000 of lost income. Saronic alleges that the accident cost it over four million dollars in property damage and lost income, and

1

that due to the accident and Navigators' refusal to pay commensurate with the true extent of the damages, it was forced to close the business entirely. (*Id.*)

After Saronic submitted a claim in 2021, Navigators' contractor conducted a brief visual inspection and issued an estimate that did not address the need for a new source of power for the sign, or damaged wires within the walls and ceiling that would require demolition to ascertain. When Saronic provided its own comprehensive estimate including those and other costs, Navigators rejected the estimate, claiming it lacked a detailed breakdown of labor and material costs. An estimate submitted for electrical work was rejected for the same purported reason. Saronic argues that the accurate cost of labor and materials can only be determined as work progresses, while Navigators justified the refusal to pay by alleging that the estimates were purposely inflated by Saronic to obtain additional funds for remodeling rather than for repairs. Although Saronic continued to produce estimates and the parties "continued to have discussions," their respective positions essentially remained unchanged.

Saronic initially filed this case in state court on November 18, 2024, about three and a half years after the date of the loss.[1]

## II.    LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and enough facts "to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). All factual allegations

---

[1] Although the parties refer to the operative complaint at ECF No. 21 as the "Second Amended Complaint," this appears to be the first amended complaint in this Court. One of the amendments was made in state court pre-removal.

set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Lee*, 250 F.3d at 679.

## III. DISCUSSION

### a. Whether Plaintiff's Claims are Time-Barred

With exceptions not applicable here, Nevada law permits an insurer to protect itself from "remote claims" by "implementing explicit, unambiguous time limitations in its insurance contracts." *Walker v. Am. Bankers Ins. Grp.*, 836 P.2d 59, 63 (Nev. 1992); *Williams v. Travelers Home & Marine Ins. Co.*, 740 F. App'x 134 (9th Cir. 2018) (recognizing an insurance policy's limitation period in the context of personal property losses). Nevertheless, the Supreme Court of Nevada will construe an insurance contract period of limitations to begin running not from the date of the loss, but the date of the insurer's formal denial of liability. *Walker*, 836 P.2d at 62 (quotations and citations omitted); *Roash v. Auto. Ins. Co. of Hartford, Connecticut*, No. 219CV00035GMNBNW, 2021 WL 7450044, at *3 (D. Nev. Mar. 22, 2021); W. *Edna Assocs., Ltd. v. Twin City Fire Ins. Co.*, No. 219CV00607GMNBNW, 2020 WL 1308327, at *5-6 (D. Nev. Mar. 18, 2020). The limitations period begins at formal denial because if it were "strictly construed" at the date of the loss as specified in the contract, "then the entire period could… be consumed by the built-in delays of the policy and by the time in which the parties attempt to negotiate the claim." *Walker*, 836 P.2d at 62 (quoting *Clark v. Truck Ins. Exchange*, 598 P.2d 628 (Nev. 1979)).

Following the state Supreme Court's precedent, the contractual time limitation is tolled notwithstanding its clear and unambiguous language. The contract between the parties on its face imposes a two-year time limit. The insurance contract's Policy Condition D, entitled "Legal Action Against Us", states that "[n]o one may bring a legal action against [Navigators] under this Coverage Part unless… The action is brought within two years after the date on which the direct physical loss or damage occurred[.]" (ECF No. 3-1 at 22.) Under *Walker*,

the effective date by which Saronic had to bring suit was not two years from the date of the loss, but two years after the date of final denial. *See* 836 P.2d at 62. But from the face of the complaint, Saronic has pleaded facts making it plausible that Navigators never formally denied its claim. The complaint alleges that a partial payment was made on January 13, 2022, and that Navigators explicitly acknowledged it as a partial payment pending resolution of the damages question at the time. Saronic then alleges that the parties "continued to have discussions" about how much compensation was due. Nothing in the complaint suggests that there was a formal denial at any point.

Navigators nevertheless argues that Saronic has implicitly pleaded that there was a formal denial, for two reasons. First, Navigators says that a refusal to pay necessarily constitutes a denial. Navigator's authorities do not support this point. It seems that in some situations, an insurer may refuse to pay without outright denying a claim. *See Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania,* 863 F. Supp. 1237, 1244 n.8 (D. Nev. 1994) ("A formal denial is not necessary as a refusal to pay a claim can satisfy the first element of bad faith."). Second, Navigators says that Saronic has pleaded denial because it has accused Navigators of breach of the covenant of good faith and fair dealing, which has formal denial as an element. This is inaccurate. Formal denial is not necessary to allege that claim. For instance, unreasonably delaying payment or failing to adequately inform the insured of a reasonable settlement opportunity may be sufficient. *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 325 (2009).

Taken all together, the complaint properly alleges and makes plausible that Navigators never formally denied Saronic's claim. If there was never a formal

denial, the time limitation in the insurance contract never began to run. Saronic's claims are not time-barred.

### b. Whether Plaintiff's Bad-Faith Claim Survives

Breach of the implied covenant of good faith and fair dealing is a tort. *United States Fidelity & Guar. Co. v. Peterson,* 540 P.2d 1070, 1071 (Nev. 1975). A breach of the implied covenant of good faith and fair dealing is also called "bad faith" where the relationship between the parties is that of insurer and insured. *See generally K Mart Corp. v. Ponsock,* 732 P.2d 1364 (Nev. 1987). In a classic bad faith case, an insurer unreasonably denies or delays payment of a valid claim. *Guar. Nat. Ins. Co. v. Potter,* 912 P.2d 267, 272 (Nev. 1996); *Falline v. GNLV Corp.,* 823 P.2d 888, 891 (Nev. 1991). An insurer is without proper cause to deny or delay a claim when it has an "actual or implied awareness" that no reasonable basis exists to deny the claim. *See American Excess Ins. Co. v. MGM Grand Hotels, Inc.,* 729 P.2d 1352, 1354 (Nev. 1986) (citing *Peterson,* 540 P.2d 1070). Alternatively, the plaintiff may establish that the insurer "knew or recklessly disregarded" the fact that there was no reasonable basis for disputing coverage. *Powers v. United Servs. Auto. Ass'n,* 962 P.2d 596, 604 (Nev. 1998), *opinion modified on denial of reh'g,* 979 P.2d 1286 (1999). Thus, the insurer is not liable for bad faith for being incorrect about policy coverage as long as the insurer had a reasonable basis to take the position that it did. *See American Excess Ins. Co.,* 729 P.2d at 1355.

Navigators alleges that Saronic has insufficiently pleaded its claim for breach of the covenant of good faith and fair dealing. First, Navigators states that "a plaintiff cannot prevail on a bad faith claim as a matter of law where there is no coverage under the policy," albeit without explaining what the scope of the policy is or why the alleged injuries beyond the half million already covered are outside of it. The complaint makes it plausible that Saronic's uncompensated damages are within the policy. Saronic has alleged that Navigators partially

covered the loss up to about half a million dollars, and then indicated an openness to paying more, suggesting that at least some of the yet-to-be compensated injuries are within the scope of the policy. In Saronic's telling, Navigators' further refusals to pay were not based on the scope of the policy, but rather on disputes over the necessary level of detail in the breakdown of labor and materials costs. If true, this suggests that Navigators' position at the time was that a more detailed estimate could have satisfied them that the costs were within the scope of the policy.

Second, Navigators argues that this complaint suffers from the same infirmity as the previous complaint: namely, that Saronic has not alleged that Navigators behaved purposefully or that the disputed estimates were unjustifiable. In the previous complaint, Saronic alleged that Navigators purposely created delay by asking for information and disputing repair estimates. In the operative complaint, Saronic alleges in more detail that Navigators essentially proposed pretextual reasons to deny its claim. *Cf. Falline*, 823 P.2d at 890 (where the defendant had suggested that they were not liable to compensate the plaintiff for his disability because they were due to an intervening injury, the Supreme Court of Nevada nevertheless reversed the district court's grant of summary judgment on a bad faith claim). Saronic says that Navigators had no basis to reject the estimates for lack of a "detailed" breakdown of labor and materials costs where no such breakdown was possible before work began, that Navigators relied on its own estimate despite being on notice that it omitted several important repairs, and that Navigators baselessly argued that Saronic inflated the repair estimates to obtain additional funds for remodeling. While Navigators has compensated Saronic to the tune of about half a million dollars, this payment does not attempt to remedy repairs to the illuminated sign, security systems, computers, fencing, or fire damage cleanup or asbestos abatement. Saronic alleges that Navigators refused to consider these categories of damage

not because of a coverage issue, but because of the amount claimed, without proposing a fair amount of repair in these categories in return.

Taking all these facts together and putting them in the light most favorable to the non-movant, the new facts alleged in the operative complaint suggest that Navigators' delay may have been irrational to a degree that supports an inference of bad faith.

**IV.    CONCLUSION**

The Court denies Defendant's Motion to Dismiss (ECF No. 28).


DATED THIS 5th day of June, 2026.


ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE